FILED
2018 Jun-01  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | |
|---|---|
| **GOLDCO DIRECT, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO. _____** |
| **vs.** | ) |
| | ) |
| **BARBARA CLACKUM and BRUCE** | ) |
| **CLACKUM,** | ) |
| | ) |
| **Defendants.** | ) |

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Goldco Direct, LLC ("Goldco") hereby files this complaint against Defendants Barbara Clackum ("Ms. Clackum") and Bruce Clackum ("Mr. Clackum"). As and for its complaint, Goldco alleges as follows:

### NATURE OF ACTION

1.     This civil action is about the extortion of a reputable precious metals company that decided not to repurchase a customer's order pursuant to the clear, unambiguous language of the customer's client agreement. The customer, Ms. Clackum, and her nephew, Mr. Clackum, misappropriated Goldco's confidential information and are now holding it for ransom to pressure Goldco to pay money it does not owe. Goldco seeks a temporary restraining order, injunction, and damages.

### THE PARTIES

2.      Goldco is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in Los Angeles, California. Goldco's sole member, Trevor Gerszt ("Mr. Gerszt"), is an adult resident citizen of Los Angeles, California. Therefore, Goldco is a citizen of California within the meaning and intent of 28 U.S.C. § 1332.

3.      Ms. Clackum is an adult resident citizen of Gadsden, Alabama. Ms. Clackum is a citizen of Alabama within the meaning and intent of 28 U.S.C. § 1332.

4.      Upon information and belief, Mr. Clackum is an adult resident citizen of Marietta, Georgia. Upon information and belief, Mr. Clackum is a citizen of Georgia within the meaning and intent of 28 U.S.C. § 1332, and at a minimum, is a citizen of a state other than California.

### JURISDICTION AND VENUE

5.      The Court has general personal jurisdiction over Ms. Clackum because she is a resident of Gadsden, Alabama and has continuous and systematic contacts with the State of Alabama.

6.      The Court has specific personal jurisdiction over Mr. Clackum because he has used an Alabama telephone number to contact Goldco's customers and to commit extortion on behalf of an Alabama resident. Mr. Clackum also maintains a

2

website, www.Goldcosucks.com, which is viewable in Alabama and causes reputational harm to Goldco in Alabama.

7.     The Court has subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.     The Court also has subject-matter jurisdiction over this civil action pursuant to 18 U.S.C. § 1836(c) and 18 U.S.C. § 1964.

9.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because a substantial part of the events, acts, and/or omissions giving rise to this controversy occurred in this judicial district.

## FACTUAL BACKGROUND

10.     This civil action arises largely from misappropriation of, and extortion using, confidential information from Goldco's customer database. It also arises from false and defamatory statements made against Goldco in furtherance of Defendants' extortion scheme.

11.     Goldco invested years of time, money, and effort developing the information in its customer database.

12.     The customer database includes, among other things, customers' personal identifying information and purchase histories.

3

13.     The information in the customer database allows Goldco to direct marketing and advertising efforts toward interested purchasers. Goldco also can recommend certain purchases based on the customers' particular interest as reflected in their purchase histories.

14.     Maintaining confidentiality of the customer database is important for at least four reasons.

15.     First, Goldco's customers provide private, personal information to Goldco with the expectation that it will not be disseminated without the customers' consent. California law requires Goldco to maintain as confidential its customers' personal identifying information. *See* Cal. Fin. Code § 4050, *et seq*.

16.     Second, if Goldco's competitors obtained this information, they could avoid the considerable time and expense of developing their own customer database and directly solicit Goldco's customers. They would be taking unfair advantage of the investment and effort Goldco made to develop the customer database. Goldco's competitors would have a customer database at little or no cost, while Goldco incurred the substantial expense of developing the customer database.

17.     Third, Goldco's personnel obtain the information from customers and potential customers, and need to know that they can comfortably request and save such information knowing that it will be confidential, and that they can correctly assure such persons that the information will be kept confidential. Without this

4

assurance, Goldco personnel will not be as confident as they could be in obtaining such information.

18.     Fourth, Goldco wants its personnel to respect trade secrets and confidential information of others. To facilitate this requirement of Goldco personnel, it is important that Goldco's confidential information and trade secrets be respected by others.

19.     As a result, Goldco goes to great lengths to maintain the confidentiality of its customers' information.

### *Goldco requires all employees to sign NDAs*

20.     For example, Goldco employees can view the customer database only after they sign a Confidentiality and Non-Disclosure Agreement ("NDA"), a true and correct copy of which is attached hereto as **Exhibit 1**.

21.     Pursuant to the NDA, every Goldco employee "acknowledges that during [the employee's] employment, [the employee] will have access to confidential, secret and proprietary documents, materials and other information of Goldco and its customers, suppliers, and other third parties ("Proprietary Information")." (Ex. 1 at 1, §1) (emphasis added).

22.     Every Goldco employee "understands and acknowledges such Proprietary Information is of great importance and value to Goldco, and improper

use or disclosure of any Proprietary Information may cause irreparable harm to Goldco." (*Id.*)

23.     "Proprietary Information" includes "customer information." (*Id.*)

24.     The NDA requires every Goldco employee "to treat all Proprietary Information as strictly confidential" and "not to directly or indirectly disclose, publish, communicate, or make available Proprietary Information, or allow or permit it to be disclosed, published, communicated, or made available, in whole or in part, to any entity or person whatsoever." (*Id.* at 2, § 2.)

25.     The NDA applies both "during and after [the employee's] employment with Goldco." (*Id.*)

26.     As a reminder to its employees of the importance of their obligations under the NDA, Goldco required all employees to re-sign the NDA in June 2017.

### *Goldco takes other steps to preserve its customers' information*

27.     Goldco also takes other steps to preserve the confidentiality of the customer database.

28.     Goldco's offices are only accessible with a security card.

29.     Goldco's file cabinets, which contain confidential customer information, can only be accessed with a key.

6

30.    Goldco employees can only access the Customer Relationship Management software—which houses the customer database—with appropriate login credentials.

31.    Additionally, Goldco's email system and portal are password-protected.

32.    There may be other steps in addition to those listed above. For example, Goldco's personnel work in a competitive business and industry, where it is in Goldco's and personnel's interest to protect the confidentiality of, and avoid disclosure, of customer information.

### *Ms. Clackum purchases gold from Goldco*

33.    Ms. Clackum is one of Goldco's customers.

34.    Ms. Clackum first placed an order with Goldco in October 2016.

35.    On March 7, 2018, Ms. Clackum placed an additional order in the amount of $298,473.

36.    On March 13, 2018, Ms. Clackum placed a third order in the amount of $159,901.72.

37.    Within 24 hours of placing her third order, Ms. Clackum sought to cancel that order and requested a refund of that order.

38.    On March 20, 2018, Goldco received a letter from Ms. Clackum dated March 16, 2018, stating that she wanted to cancel an unspecified "order."

7

39.    Pursuant to Section 10 of Ms. Clackum's Client Agreement, a true and correct copy of which is attached hereto as **Exhibit 2**, Goldco "has no obligation" to "re-purchase coin/precious metals from [the] Customer." (Ex. 2 at 2, § 10.)

40.    Although it was not obligated to do so, Goldco agreed to cancel Ms. Clackum's third order for $159, 901.72 and returned the additional amounts Ms. Clackum provided to Goldco for this order for a total refund of $209,901.72. Ms Clackum cashed Goldco's check on March 27, 2018.

41.    Goldco did not agree to cancel or repurchase Ms. Clackum's second order.

### *Ms. Clackum "lawyers up," and her representatives induce Goldco employees to violate their NDAs*

42.    At this time, or possibly earlier, Ms. Clackum hired an attorney, Mr. Keith Cope ("Mr. Cope").

43.    Upon information and belief, Mr. Cope is licensed to practice law in California.

44.    At all times material to the facts alleged in this Complaint, Mr. Cope acted on Ms. Clackum's behalf.

45.    Mr. Cope subsequently hired a private investigator on Ms. Clackum's behalf.

46.    At all times material to the facts alleged in the Complaint, the private investigator acted on Ms. Clackum's behalf.

8

47.    Ms.  Clackum's  private  investigator  contacted  former  Goldco employees  and  actively  induced  them  to  violate  their  NDAs  by  providing confidential  information  from  the  customer  database  (the  "Confidential Information").

48.    Ms.  Clackum's  private  investigator  conveyed  the  Confidential Information to Mr. Cope, Ms. Clackum and, ultimately, to Mr. Clackum.

### *Mr. Clackum uses the Confidential Information to extort Goldco*

49.    Mr.  Clackum  then  used  the  Confidential  Information  to  attempt  to contact at least 1,000 Goldco customers.

50.    Mr.  Clackum  used  the  Confidential  Information  to  defame  Goldco, harm its business reputation, and encourage litigation against it.

51.    Mr.  Clackum  memorialized  his  scheme  in  the  following  text  message, a true and correct copy of which is attached hereto as **Exhibit 3**, to Mr. Gerszt, Goldco's founder:

> Gerszt, this is Clackum.
>
> You screwed my 86-year-old family member with a retarded daughter out of most of her life savings. Alabama is an 8-day cancel state and she did cancel after 5 days.
>
> I have over 1,000 numbers of your victim "clients". [sic] About 100 have replied with interest in going after your evil ass for your compensation.

9

I have stopped communicating with them.

Until today, douchebag.

Agree to refund her 300k (as you were legally required two months ago) by 3:00 Central time TODAY or everyone gets a link at the unmoderated forum at www.Goldcosucks.com, along with our story and an urging to contact their state attorney general to put your pansy criminal ass in jail and not take this illegal elder abuse lying down.

If www.GoldcoSucks.com goes live, it will cost you 50K minimum to buy it and shut it down.

You will have so many people after you you'll want to leave the country but Schwartz[1] will have all your money for legal fees.

All because you don't have the balls to follow the law in a state where you do business? You'll deserve all the misery you bring on yourself.

I almost hope you think I'm bluffing.

Was I bluffing before?

(Ex. 3.)

---

[1] Mr. Schwartz is Mr. Gerszt's personal attorney, so Mr. Clackum implied that the frivolous litigation he encourages will cost Mr. Gerszt a lot of money.

52.    Thus, Mr. Clackum issued an ultimatum: pay $300,000 that Goldco did not owe and $50,000 to purchase his defamatory website, or he would further use the Confidential Information to harm Goldco's business reputation.

53.    Mr. Clackum's efforts went further and beyond the above allegations.

54.    Mr. Clackum also directed his harassment at Brenda Whitman ("Ms. Whitman"), the Interim CEO at Goldco.

55.    Mr. Clackum called Ms. Whitman on numerous occasions and left threatening voicemail messages.

56.    On one occasion, Mr. Clackum warned Ms. Whitman: "Don't make me come out there!"[2]

57.    On other occasions, Mr. Clackum threatened criminal prosecution if Ms. Whitman did not accede to his demands.

58.    Mr. Clackum also posted defamatory information about Mr. Gerszt and Ms. Whitman on www.Goldcosucks.com, including false, baseless allegations about an alleged affair.

59.    Mr. Cope also collaborated on the extortion.

60.    He wrote an email to Goldco's California counsel in which he admitted he was part of the extortion conspiracy:

---

[2] Ms. Whitman resides in California.

Dear Mr. Grinblat,

As a follow-up to this morning's email, I am advised that a website is now in development: http://goldcosucks.com.

This website is scheduled to go active this Friday at 5:00 p.m. PST, perhaps sooner.

It will provide an account of the Barbara Clackum debacle, "single elderly woman gets taken and abused by big-city gold sales company." In addition, it will provide an non-moderated forum for Goldco clients, employees, past employees, past and prospective clients and, really, anyone who wishes to weigh in on related topics like their impressions of Goldco's founder and CAP (Chief Asset Protector).

Email invitations to visit the sight will be sent by to Goldco clients by the analytics and detection team I no longer influence, other than to kibosh the website's activation the moment Mrs. Clackum is made whole. Once it's activated, it will obviously cost a high sum to shut down.

I am authorized to enter into mutual cease-fire and reciprocal hold-harmless agreements, as well as my earlier non-referral agreement, providing name list, and so forth. But my expiration date is fast approaching as to this case is fast approaching.

Best regards,

Keith Cope
Attorney at Law
1574 West Street
Redding, CA 96001
(530) 917-0077

A true and correct copy of the email is attached hereto as **Exhibit 4**.

61. In this email, Mr. Cope demonstrates that he could control dissemination of the Confidential Information. (Doc. 1-4.) He reaffirms his clients' ultimatum: pay $300,000 or he will allow Mr. Clackum to use the Confidential Information to disseminate defamatory information.

62. On May 31, 2018, Mr. Clackum reiterated his extortionate demand and intent to interfere with Goldco's customer relationships with the following text message:

12

Today 3:43 PM

⌨ www.goldcosucks.com is up and
running‼

Thus to help you and your lawyer
get your money💸 back from
Goldco💀 .

🐍 For now, it's "read-only", but this
weekend the unmoderated
discussion forum should be
working.

This will put ALL Goldco💀 victims
in touch with each other‼ ☎

Unmoderated forum goes up soon.
Choose wisely.

(Ex. 3.)

## COUNT ONE: CONSPIRACY TO COMMIT VIOLATION OF 18 U.S.C. § 1962

63.     Goldco restates and incorporates the allegations contained in all prior

paragraphs of this Complaint as if fully set forth herein.

64.     18 U.S.C. § 1964(c) establishes a civil cause of action for violations of

18 U.S.C. § 1962.

65.     18 U.S.C. § 1962(d), in turn, makes it "unlawful for any person to

conspire to violate" 18 U.S.C. § 1962(a), (b), or (c).

13

66.    The definition of "racketeering activity" under subsections (a), (b), and (c) includes extortion under 18 U.S.C. § 1951, the Hobbs Act. *See* 18 U.S.C. § 1961.

67.    Mr. Clackum, Ms. Clackum, and Mr. Cope conspired to commit extortion under 18 U.S.C. § 1951.

68.    Mr. Clackum, Ms. Clackum, and Mr. Cope conspired to seek to induce Goldco to part with $350,000 through threatened force and the fear of economic loss caused by damage to its business reputation.

69.    Mr. Clackum's, Ms. Clackum's, and Mr. Cope's conspiracy to commit extortion would adversely affect interstate commerce.

## COUNT TWO: VIOLATION OF 18 U.S.C. § 1836, THE DEFEND TRADE SECRETS ACT

70.    Goldco restates and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully set forth herein.

71.    The Confidential Information is used in interstate commerce.

72.    Goldco undertakes reasonable efforts to maintain the secrecy of the Confidential Information, including without limitation requiring all employees to sign NDAs and restricting access to the Confidential Information.

73.    Ms. Clackum, through her representatives, knowingly misappropriated the Confidential Information when they induced Goldco's former employees to reveal the Confidential Information in violation of their NDAs.

14

74.    Mr. Clackum knowingly used the Confidential Information to contact Goldco's former employees for the sole purpose of disparaging Goldco's business reputation through false and defamatory statements.

75.    Goldco has been damaged by the wrongful misappropriation and use of the Confidential Information.

## COUNT THREE: VIOLATION OF CAL. CIV. CODE § 3426, THE UNIFORM TRADE SECRETS ACT

76.    Goldco restates and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully set forth herein.

77.    The Confidential Information is not publicly known, is not generally known in the trade or business, and cannot be readily ascertained or derived from publicly available information.

78.    Goldco undertakes reasonable efforts to maintain the secrecy of the Confidential Information, including without limitation requiring all employees to sign NDAs and restricting access to the Confidential Information.

79.    The Confidential Information has significant economic value because Goldco's competitors could use this information to directly solicit Goldco's customers without incurring the temporal and financial costs of developing their own customer database.

80.    Ms. Clackum knew, or should have known, that the Confidential Information was a trade secret.

15

81.     Ms. Clackum, through her agents, knowingly misappropriated the
Confidential Information when they induced Goldco's former employees to reveal
the Confidential Information in violation of their NDAs.

82.     Mr. Clackum knew, or should have known, that the information was a
trade secret and that the trade secret had been misappropriated.

83.     Mr. Clackum used the Confidential Information to contact Goldco's
former employees for the sole purpose of disparaging Goldco's business reputation
through false and defamatory statements.

84.     Goldco has been damaged by the wrongful misappropriation and use of
the Confidential Information.

## COUNT FOUR: DEFAMATION

85.     Goldco restates and incorporates the allegations contained in all prior
paragraphs of this Complaint as if fully set forth herein.

86.     Mr. Clackum's website, www.Goldcosucks.com, contains false and
defamatory statements about Goldco, including untrue statements that "the animals
at Goldco jerked [Ms. Clackum] around" for a week and "told her that she never
requested the refund."

87.     Mr. Clackum's website contains false and defamatory statements that
Ms. Clackum purchased Proof coins, when in fact she did not.

16

88.    Mr. Clackum's website contains false and defamatory statements that
Goldco determined the value of her Goldco purchases in her IRA, when in fact the
custodian of her IRA was responsible for any such valuations.

89.    Upon information and belief, Mr. Clackum communicated false and
defamatory statements to Goldco's customers in his conversations with them.

90.    Mr. Clackum intentionally communicated the false and defamatory
statements in an effort to extort Goldco.

91.    Mr. Clackum's false and defamatory statements harmed, and will
continue to harm, Goldco's business reputation.

## COUNT FIVE: INTENTIONAL INTERFERENCE WITH
## CONTRACTUAL RELATIONS

92.    Goldco restates and incorporates the allegations contained in all prior
paragraphs of this Complaint as if fully set forth herein.

93.    Goldco's former employees had continuing obligations under the
NDAs they executed.

94.    Upon information and belief, Ms. Clackum and/or her agents knew that
Goldco's employees had executed NDAs.

95.    Ms. Clackum's agents interfered with Goldco's contractual relationship
with its former employees by actively inducing them to disclose confidential
customer information.

17

96.     There was no justification for the interference by Ms. Clackum's agents.

97.     Goldco has been damaged by the interference.

## COUNT SIX: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

98.     Goldco restates and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully set forth herein.

99.     Goldco has contractual relationships with its customers.

100.    Mr. Clackum knew that Goldco has contractual relationships with its customers.

101.    Mr. Clackum interfered with Goldco's contractual relationships with its customers by contacting, or attempting to contact, over 1,000 customers to convince them to end their business relationship with Goldco based on false and defamatory statements.

102.    There was no justification for Mr. Clackum's interference.

103.    Goldco has been damaged by Mr. Clackum's interference.

## COUNT SEVEN: CIVIL EXTORTION

104.    Goldco restates and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully set forth herein.

18

105. Defendants made threats seeking to induce Goldco to part with $350,000 through threatened force and the fear of economic loss caused by damage to its business reputation.

106. Defendants knew the threats were wrongful and were without grounds. The threats of force and damage to business reputation constitute civil extortion under California law.

107. The threats were coupled with express and/or implied demands for money from Goldco.

108. Goldco incurred loss, cost and damage because of and as a direct result of the threats of Defendants.

## COUNT EIGHT: INJUNCTIVE RELIEF

109. Goldco restates and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully set forth herein.

110. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Goldco asks this Court to enter an immediate order enjoining Defendants, their agents, servants, employees, attorneys, and any other person or entity who are in active concert or participation with Defendants from tortiously interfering with Goldco's protectable business relationship with its employees and customers and otherwise continuing their attempt to extort payment from Goldco.

111. The facts set forth above demonstrate that Defendants have engaged in tortious interference in violation of Alabama law and in attempted extortion in violation of both Federal law and Alabama law.

112. Unless the Court enjoins Defendants' tortious interference and attempts at extortion, Goldco will suffer immediate and irreparable injury that cannot be adequately compensated with money damages, including, but not limited to: (a) the loss of business relationships with employees and customers, and (b) the actual and/or imminently threatened loss to Goldco's valuable goodwill and reputation with the consuming public. Further, Goldco's customers will suffer immediate and irreparable injury due to the unlawful utilization of their personal and private information.

113. Goldco has no adequate remedy at law because the damages it will suffer as a result of Defendants' tortious interference and attempted extortion are incapable of exact proof.

114. The facts set forth above also demonstrate that Defendants have released, and continue to release, false and defamatory statements regarding Goldco and its officers, which have negatively and directly impacted Goldco's good name, reputation and relationship with its customers and the public.

115.    Granting such injunctive relief will further the public interest because tortious interference and extortion are against the public policy of the State of Alabama, the State of California, and the United States.

116.    The harm caused by Defendants as a result of their tortious interference and attempted extortion far exceeds any alleged harm caused as a result of any injunctive relief entered against Defendants and in favor of Goldco.

**WHEREFORE**, Goldco requests judgment against Defendants as follows:

1.    The Court enter an order and judgment temporarily, preliminarily, and permanently enjoining Defendants and their respective agents, servants, employees, attorneys, and all other persons who are in active concert or participation with the Defendants (collectively or severally) from:

(a)    Communicating regarding the issues and facts giving rise to this litigation with any individual or entity that any Defendant or any agent or representative of any Defendant (individually or collectively) knows to be a current, former, or prospective customer of Plaintiff;

(b)    Communicating regarding the issues and facts giving rise to this litigation with any individual or entity that any Defendant or any agent or representative of any Defendant (individually or

21

collectively) knows to be a current, former, or prospective employee of Plaintiff;

(c)    Extorting consideration from Goldco, including any efforts to persuade Goldco to pay Defendants money which directly or indirectly involves: (1) threats against Goldco or its employees to publish in any forum or to share information about Goldco with third parties, or (2) threats to defame Goldco or its employees, unless Goldco pays Defendants;

(d)    Continuing to operate in any manner of <goldcosucks.com> or any similar website, as the operation by Defendants of such website serves no legitimate purpose but, rather, merely exists as an element of Defendants' attempt to extort Goldco, its officers, its employees, or its agents;

(e)    Further tortious interference with Goldco's protectable business interest with its employees;

(f)    Further tortious interference with Goldco's protectable business interest with its customers; and

(g)    Further dissemination or utilization of the identities of Goldco's customers, including their phone numbers or any other personally identifying information.

2.     Without waiver of damages that may be claimed in arbitration against Ms. Clackum, that the Court enter an order and judgment:

(a)     Holding Mr. Clackum liable for all damages suffered by Goldco resulting from the acts alleged herein;

(b)     Requiring Mr. Clackum to pay an award of damages in an amount to be determined at trial, plus pre- and post-judgment interest;

(c)     Requiring Mr. Clackum to pay an award of punitive damages as allowable under the law;

(d)     Requiring Mr. Clackum to pay Goldco its full costs and reasonable attorneys' fees;

(e)     Granting Goldco any other remedy to which it may be entitled under Federal or State law; and

(f)     For such other and further relief to which Goldco shows it is justly entitled at law or in equity.

Respectfully submitted,

/s/ John N. Bolus
John N. Bolus (ASB-5753-U54J)
Scott S. Brown (ASB-7762-B65S)
Mark D. Foley, Jr. (ASB-3536-G20M)
*Attorneys for Goldco Direct, LLC*

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
(205) 254-1000
Facsimile: (205) 254-1999
jbolus@maynardcooper.com
sbrown@maynardcooper.com
mfoley@maynardcooper.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon all non-CM/ECF participants by mailing a copy to them at the address indicated below via U.S. mail, postage pre-paid, on the 1st day of June, 2018.

Barbara Clackum
720 Dogwood Trail
Gadsden, Alabama 35901

Bruce Clackum
1970 Judy Circle SE
Marietta, Georgia 30060

/s/ John N. Bolus
**OF COUNSEL**

25

## **VERIFICATION**

STATE OF CALIFORNIA              )
                                 )
COUNTY OF LOS ANGELES            )

Brenda Whitman, being duly sworn upon oath, deposes and says: (a) I am
the Interim Chief Executive Officer for Goldco Direct, LLC ("Goldco"), Plaintiff
in the above-entitled action, and on oath state that I am authorized to execute the
above and foregoing verified complaint on behalf of Goldco; (b) that not all of the
facts stated therein are within my personal knowledge; (c) the facts stated therein
have been assembled by authorized employees and counsel of Goldco; and (d) that
subject to the limitations set forth therein, I am informed the allegations are true
and correct.

Brenda Whitman

Date: June 1, 2018

SEE ATTACHED CERTIFICATE
Notary Public

My commission expires: 08/05/2018

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this __1ˢᵀ__
day of _June_____, 20_18_, by _Brenda Whitman____,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

ANDREA CHAVEZ
Commission # 2073933
Notary Public - California
Los Angeles County
My Comm. Expires Aug 5, 2018

(Seal)                    Signature_____