FILED
 2018 Jun-26  AM 09:25
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **GOLDCO DIRECT, LLC,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **CIVIL ACTION NO.** |
| ] | **4:18-CV-850-KOB** |
| **BARBARA CLACKUM and BRUCE** ] | |
| **CLACKUM,** ] | |
| ] | |
| **Defendants.** ] | |

## PERMANENT INJUNCTION

On June 1, 2018, Plaintiff Goldco Direct, LLC filed a Verified Complaint, (Doc. 1), and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). In its Complaint, Goldco named Barbara Clackum and an individual who claimed to be her nephew, Bruce Clackum, as defendants; it brought seven causes of action against them, including two counts of intentional interference with contractual relations and one count of violation of California's Uniform Trade Secrets Act, Cal. Civ. Code § 3426.

Upon receipt and review of the Verified Complaint and Motion, the court recognized the need for an immediate hearing because of the threatened action by Defendants to occur at "3:00 central time TODAY." (Doc. 1 at 10; Exh. 3). On June 1, 2018, after an expedited hearing at which counsel for Goldco appeared in

person and counsel for defendant Barbara Clackum appeared telephonically, the court entered a Temporary Restraining Order based upon the record before it, as set forth in the TRO. (Doc. 7).

The court subsequently set a hearing on the request for a preliminary injunction for June 14, 2018. Prior to the expiration of fourteen days, Goldco's counsel moved to continue the preliminary injunction hearing and for an extension of the TRO. (Doc. 12). The motion was unopposed. (*Id.*). For good cause shown, the court granted that extension, as reflected in its Order dated June 8, 2018. (Doc. 13).

On June 18, 2018, Goldco's counsel filed a Motion for a Pretrial Conference, explaining that expedited discovery had revealed that Bruce Clackum might not be the true identity of the defendant who identified himself by that name to Goldco; that Goldco had therefore been unable to serve Bruce Clackum; and that a bifurcation of the claims and hearing for relief might be necessary. (Doc. 18).

The Court held a status conference by phone on June 19, 2018, to discuss the status of the case and need for a pretrial conference. At that time, Goldco's counsel verified the lack of service on any person identifying himself as Bruce Clackum and that discovery had indicated that the person who had identified himself as Bruce Clackum might be using that name as an alias. Counsel for defendant Barbara Clackum stated that Ms. Clackum had authorized him to

stipulate to an injunction making permanent the relief provided in the TRO as to Ms. Clackum and her representatives and agents, so that a hearing on the request for preliminary or permanent injunctive relief would not be necessary.

To establish entitlement to a permanent injunction, if contested, Goldco would bear the burden of showing "(1) that [it] has suffered an irreparable injury; (2) that [its] remedies at law are inadequate; (3) that the balance of hardships weighs in [its] favor; and (4) that a permanent injunction would not disserve the public interest." *Barrett v. Walker Cty. Sch. Dist.*, 872 F.3d 1209, 1229 (11th Cir. 2017). Ms. Clackum has stipulated to the permanent injunctive relief set out below.

Based upon the stipulation of Goldco and Ms. Clackum, the court finds that a permanent injunction is appropriate and may be issued in this matter. Accordingly, the court ENJOINS Defendant Barbara Clackum and her agents, servants, employees, attorneys, and all other persons who are in active concert or participation with Ms. Clackum (collectively or severally) from any of the following conduct:

> (a) Communicating regarding the issues and facts giving rise to this litigation with any individual or entity that Ms. Clackum or any agent or representative of Ms. Clackum (individually or

collectively) knows or has reason to believe is a current, former, or prospective customer of Goldco;

(b) Communicating regarding the issues and facts giving rise to this litigation with any individual or entity that Ms. Clackum or any agent or representative of Ms. Clackum (individually or collectively) knows or has reason to believe is a current, former, or prospective employee of Goldco;

(c) Extorting consideration from Goldco, its principals, employees and/or owners, including any efforts to persuade Goldco, its principals, employees, and/or owners to pay any Defendant money that directly or indirectly involve (1) threats to publish in any forum or to share information about Goldco, its principals, employees and/or owners with third parties, or (2) threats to defame Goldco, its principals, owners or employees, or (3) threats of criminal action against Goldco, its principals, owners or employees;

(d) Continuing to operate in any manner the website <goldcosucks.com> or any similar website (*i.e.*, "keep it down"), as the operation of such website by Ms. Clackum or her agents serves no legitimate purpose but, rather, merely

4

>> exists as an element of Defendants' attempt to extort Goldco, its principals, owners, officers, employees, or agents;
>
> (e) Further tortious interference with Goldco's protectable business interest with its employees;
>
> (f) Further tortious interference with Goldco's protectable business interest with its customers; and
>
> (g) Further dissemination and use of the identities of Goldco's customers, including their phone numbers, email addresses, or any other personally identifying information.

The court notifies Defendant Barbara Clackum, her agents, servants, employees, attorneys, or anyone acting in concert with them that failure to comply with the terms of this Order shall render them in contempt without the necessity of a further writ of this court.

This Permanent Injunction will take effect immediately and continue in effect on a permanent basis as to Defendant Barbara Clackum, her agents, servants, employees, attorneys, and all other persons in active concert or participation with them. *See* Fed. R. Civ. P. 65(d).

The court previously ordered Defendants to file under seal a list identifying all of Goldco's employees and clients with whom Defendants have already had contact regarding the issues and facts giving rise to this litigation. The court

continues to expect full compliance with that portion of its Order (doc. 7 at 5) and expects Ms. Clackum to supplement the filing on an ongoing basis if she becomes aware of deficiencies in its completeness.

**DONE** and **ORDERED** this 26th day of June, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE